[S. F. No. 432.   Department Two.—January 25, 1897.]

JOHN H. SIEVERS, APPELLANT, v. CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

MUNICIPAL CORPORATIONS—IMPROPER GRADING OF STREET—ABORTIVE INCREASE OF GRADE—ERROR OF CITY ENGINEER—INJURY FROM BACK WATER—LIABILITY OF CITY.—Where a contract was let to grade a street to the official grade, which remained officially established at the former limit, after an abortive attempt by the municipal authorities to increase it by eight feet, and, through an error in the furnishing of grade lines and limits to the contractor by the city engineer and surveyor, the street was filled eight feet above the official grade, which extra filling caused damage to the land of a property owner, by damming a well-defined channel through which surface water was wont to flow, and

backing the water upon his land, the city is not liable for such result-ing injury.

Id.—Remissness of Municipal Officers—Public Functions—Duty Lim-ited by Law—Doctrine of Respondeat Superior Inapplicable.—Municipal corporations are not liable for dereliction or remissness of municipal officers or agents in the performance of public or governmen-tal functions of the city, or in the performance of duties imposed upon those officers which are prescribed and limited by express law; and when an injury results from the wrongful act or omission of a munici-pal officer charged with duty prescribed and limited by law, the doc-trine of *respondeat superior* is inapplicable, and the officer is not treated as the agent or servant of the corporation in the performance of such duty, but is held to be the servant and agent of and controlled by the law, and for his acts the municipality will not be held liable.

Id.—Evidence— Cross-examination—Error of City Engineer—Cause of Extra Filling—Harmless Ruling.—Where the plaintiff pleaded and proved that the official grade was eight feet less than the grading actually done, and showed that the proceedings of the supervisors called only for grading to the official grade without specifying feet, the plaintiff is not injured by allowing the defendant upon cross-examination to show that the error of the city engineer and surveyor caused the extra filling.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.  W. R. Dainger-field, Judge.

The facts are stated in the opinion of the court.

*Otto Tum Suden,* and *F. W. Van Reynegom,* for Ap-pellant.

The work done being work of public improvement for a municipal purpose, within the scope of the power of the officers conducting the same, the municipal corpo-ration is responsible for such damages as directly or con-sequentially resulted therefrom to appellant. (*Stanford* v. *San Francisco,* 111 Cal. 198; *Palmer* v. *Waddell,* 22 Kan. 352; *Los Angeles etc. Assn.* v. *Los Angeles,* 103 Cal. 468.) And this liability is not lessened or destroyed because the municipal authorities did not pursue the mode laid down by statute authorizing this work, or because they erred in its execution. (*Reardon* v. *San Francisco,* 66 Cal. 492; 56 Am. Rep. 109; *Conniff* v. *San Francisco,* 67 Cal. 45; *Spangler* v. *San Francisco,* 84 Cal. 12; 18 Am. St. Rep. 158; *Los Angeles etc. Assn.* v. *Los Angeles,* 103 Cal. 462–68;

*Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614; 42 Am. St. Rep. 149; 2 Dillon on Municipal Corporations, secs. 971–74; *Tyler* v. *Tehama County*, 109 Cal. 618; *Eustace* v. *Jahns*, 38 Cal. 3; *Drew* v. *Smith*, 38 Cal. 326; *Warren* v. *Riddell*, 106 Cal. 352.) The doctrine of *ultra vires* has no application to torts. (*Salt Lake City* v. *Hollister*, 118 U. S. 256.) It is proper to assume that the board of supervisors, in causing the change of the official map showing the grade to be eighty-three feet instead of seventy-five feet, thereby directed the superintendent of streets and the city and county surveyor to thereafter consider that to be the grade and to act accordingly. (*Lee* v. *Sandy Hill*, 40 N. Y. 442; *Sheldon* v. *Kalamazoo*, 24 Mich. 383; *Weed* v. *Greenwich*, 45 Conn. 170; *Howell* v. *Buffalo*, 15 N. Y. 512; *Bennett* v. *Buffalo*, 17 N. Y. 383.)

*H. T. Creswell, City and County Attorney*, and *Rhodes Borden, First Assistant*, for Respondent.

The city is not responsible for the mistake or negligence of the contractors in failing to do what they were ordered to do. (*O'Hale* v. *Sacramento*, 48 Cal. 212; *Krause* v. *Sacramento*, 48 Cal. 221; *James* v. *San Francisco*, 6 Cal. 528; 65 Am. Dec. 526.) Nor is the rule altered by the fact that the law requires the work to be done under the direction, and to the satisfaction, of the superintendent of streets. (*O'Hale* v. *Sacramento, supra; Reed* v. *Alleghany*, 79 Pa. St. 300; *Painter* v. *Pittsburgh*, 46 Pa. St. 213; *Erie* v. *Caulkins*, 85 Pa. St. 247; 27 Am. Rep. 642; *Barry* v. *St. Louis*, 17 Mo. 121.) The board of supervisors has no jurisdiction or power to order a street graded above the official grade (*Warren* v. *Riddell*, 106 Cal. 354; *Hunt* v. *Utica*, 23 Barb. 395; *Cuyler* v. *Rochester*, 12 Wend. 165; *Albany* v. *Cunliff*, 2 N. Y. 178; *Zottman* v. *San Francisco*, 20 Cal. 96; 81 Am. Dec. 96; *Herzo* v. *San Francisco*, 33 Cal. 134; *Tyler* v. *Tehama County*, 109 Cal. 618; Street Law of 1893, sec. 2); and the superintendent of streets is just as powerless to bind the city, by accepting a street which has already been erroneously graded above the official grade. (*Mitchell*

v. *Rockland,* 52 Me. 118; *Hodges* v. *Buffalo,* 2 Denio, 113; *Cuyler* v. *Rochester; supra.*)    Where a statute provides the mode in which a power vested in a municipality, board, or officer shall be exercised, the mode is the measure of the power, and the failure to follow the mode makes the act *ultra vires,* which cannot be ratified except by following the exact mode provided for doing the original act.    (*Herzo* v. *San Francisco, supra; Nicolson Pavement Co.* v. *Painter,* 35 Cal. 699; *French* v. *Teschemaker,* 24 Cal. 550; *Los Angeles Gas Co.* v. *Toberman,* 61 Cal. 201; *Winn* v. *Shaw,* 87 Cal. 635; 1 Dillon on Municipal Corporations, 3d ed., 463; *Smith* v. *Rochester,* 76 N. Y. 506; *McCracken* v. *San Francisco,* 16 Cal. 624; *Zottman* v. *San Francisco, supra; Boom* v. *Utica,* 2 Barb. 104; *Dispatch Line* v. *Bellamy,* 12 N. H. 232; 37 Am. Dec. 203; *Pratt* v. *Swanton,* 15 Vt. 147; *Chamberlain* v. *Dover,* 13 Me. 466; 29 Am. Dec. 517.)    There is no difference in principle where the *ultra vires* act consists of making a contract, or committing a tort.    (*Boom* v. *Utica, supra; Smith* v. *Rochester, supra.*)    A city is not responsible for the negligence of a street superintendent, or street overseer, in regard to her streets.    (1 Shearman and Redfield on Negligence, 4th ed., sec. 294, note 1; *Goddard* v. *Harpswell,* 84 Me. 499; 30 Am. St. Rep. 373; *Small* v. *Danville,* 51 Me. 359; *Walcott* v. *Swampscott,* 1 Allen, 101; *Sikes* v. *Hatfield,* 13 Gray, 347; *White* v. *Phillipston,* 10 Met. 108; *Prince* v. *Lynn,* 149 Mass. 193; *Hennessey* v. *New Bedford,* 153 Mass. 260; *Pratt* v. *Weymouth,* 147 Mass. 245; 9 Am. St. Rep. 691; *Crowell* v. *Sonoma County,* 25 Cal. 313; *Winbigler* v. *Los Angeles,* 45 Cal. 36; *Howard* v. *San Francisco,* 51 Cal. 52; *Sherbourne* v. *Yuba County,* 21 Cal. 113; 81 Am. Dec. 151; *Chope* v. *Eureka,* 78 Cal. 588; 12 Am. St. Rep. 113.)    Wherever the officer is charged with a public duty, in contradistinction to a corporate one, the city is not liable for his negligence.    (Buswell on Personal Injuries, secs. 51, 53, 56, 58; Shearman and Redfield on Negligence, 4th ed., sec. 255; 2 Dillon on Municipal Corporations, 4th ed., secs. 965, 975–79; *Hart* v. *Bridgeport,* 13 Blatchf.

289; *Wixon* v. *Newport*, 13 R. I. 454; 43 Am. Rep. 35; *Hill* v. *Boston*, 122 Mass. 344; 23 Am. Rep. 332; *Hafford* v. *New Bedford*, 16 Gray, 297; *Buttrick* v. *Lowell*, 1 Allen, 172; 79 Am. Dec. 721; *Bailey* v. *New York*, 3 Hill, 531; 38 Am. Dec. 669; *Maximilian* v. *New York*, 62 N. Y. 160; 20 Am. Rep. 468; *Harm* v. *New York*, 70 N. Y. 459; *Chope* v. *Eureka, supra; People* v. *Esopus*, 74 N. Y. 310; *Rowland* v. *Gallatin*, 75 Mo. 134; 42 Am. Rep. 395; note to *Goddard* v. *Harpswell*, 30 Am. St. Rep. 373, 408, and cases cited.)

HENSHAW, J.—Plaintiff brought his action to recover of the defendant damages for injury occasioned to his property by the grading of Van Ness avenue at the crossing of Chestnut street. The work as done dammed a well-defined channel through which surface water was wont to flow, and backed the water upon the land of plaintiff.

It was developed upon the trial that a contract had been let, after regular proceedings by the authorities, to grade Van Ness avenue to the "official grade" at a stipulated price per cubic yard of filling. The official grade was seventy-five feet above base. An attempt had been made by the supervisors to change the grade to eighty-three feet above base. This attempt, however, was admittedly abortive, as in *Warren* v. *Riddell*, 106 Cal. 352, and during all of the time the official grade remained established at seventy-five feet.

The city engineer and surveyor, whose duty it was to furnish grade lines and levels (Stats. 1891, p. 206), assumed eighty-three feet to be the official grade, and the contractor filled in accordingly. It is conceded that filling to the true grade would have occasioned plaintiff no damage, and that the injury which befell him was caused by the extra eight feet of superimposed earth. Plaintiff averred that the city caused and procured the crossing to be filled with soil, sand, and rock to a height of eighty-three feet above base. Upon the showing above indicated he suffered a nonsuit, and appeals from the judgment.

His charge is, that the city procured the work to be done. Unless the proofs support this averment, the nonsuit was properly granted.

It does not appear that the supervisors, in any of their proceedings, called for any grading except " to the official grade and line." The bids were received under this call, and the contract ran in the same language. Precisely as in *Warren* v. *Riddell, supra,* the contractors, through error induced by the city surveyor, or superintendent of streets, or by both, graded six or eight feet above the line called for by the contract. The extra six or eight feet of filling, which alone it is admitted caused the injury, were not placed under any contract with, or directions from, the city. The case, then, differs radically from the many cited and relied upon by appellant, where the injury has resulted from work done for, and as directed by, the municipal authorities. Thus, in *Reardon* v. *San Francisco,* 66 Cal. 492, 56 Am. Rep. 109, the injury resulted from street filling done exactly in accordance with the contract. In *Conniff* v. *San Francisco,* 67 Cal. 45, Montgomery avenue was graded as the city directed. But the work dammed a natural watercourse, and the city was held responsible for the resulting injury to property. In *Spangler* v. *San Francisco,* 84 Cal. 12, 18 Am. St. Rep. 158, the city had diverted the waters flowing in a natural waterway into a sewer, and had negligently permitted the sewer to fall into a defective condition, whereby the escaping waters caused damage, for which the city was held liable. In *Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 614, 42 Am. St. Rep. 149, the grading was properly done to the official grade, but, for resulting damages, defendant was held responsible. In *Tyler* v. *Tehama County,* 109 Cal. 618, a bridge was built as and where the supervisors directed. But it was constructed upon private property, for the injury to which the owner received compensation.

In all of these cases, the act or omission had the sanction, express or implied, of the municipal authorities. In the case at bar, the injury resulted from the act of

the contractor, neither contemplated nor called for by the supervisors.

It is apparent, therefore, that the injury did not arise from the act of an independent contractor in doing what his contract demanded. But appellant contends that the error of the surveyor and superintendent of streets in fixing the grade level was the mistake which misled the contractor and occasioned the injury; and that for this error of its servants and agents the city is responsible.

But the doctrine *respondeat superior* has found little favor in this state when it has been invoked against municipal corporations for dereliction or remissness of its agents in the performance of public or governmental functions of the city, or in the performance of duties imposed upon those officers and prescribed and limited by express law. In the performance of its governmental or public functions, the corporation is either deemed a public agency, a mandatary of the state, as in *Barnett* v. *Contra Costa County*, 67 Cal. 77, and, therefore, not liable to be sued civilly for damages, or it is considered, in the performance of these functions, to be clothed with sovereignty, and therefore not liable in an action. (*Lloyd* v. *Mayor of New York*, 5 N. Y. 369; 55 Am. Dec. 347.) Where the injury results from the wrongful act or omission of an officer charged with a duty prescribed and limited by law, the officer is not treated as the servant or agent of the corporation in the performance of these duties thus expressly enjoined, but is held to be the servant and agent of, and controlled by, the law, and for his acts the municipality will not be held liable.

Thus, in *Crowell* v. *Sonoma County*, 25 Cal. 313, the county was held not responsible, in an action for injuries to property, for the negligent act of the road overseer in the performance of his duties, upon the ground that the relation between the road overseer and the county bore no resemblance to that of employer and employee. In *Winbigler* v. *Los Angeles*, 45 Cal. 36, the city was held not to be liable for the failure of the street superintendent to keep a bridge in repair, and *Crowell*

v. *Sonoma County, supra,* was cited as authority. In *Choate* v. *Eureka,* 78 Cal. 588, 12 Am. St. Rep. 113, the negligence of the city marshal, who, under direction of the city council, was constructing a sewer, occasioned injury for which the city was sued. The rule was again announced that, in the absence of a statutory provision imposing the liability, a municipal corporation is not liable for injuries occasioned through the neglect of the officers of the corporation properly to perform their duties.

In some of these cases the complaint was for negligent omission, in others, for negligent commission, by the officers. In the first the damages claimed were for injury to property; in the others, for personal injuries; but the principle underlying them all is as above pointed out—that in its governmental functions the municipality is to be treated either as an independent sovereignty, not liable to be sued, or as an agent and mandatary of the state, upon which alone the responsibility rests.

There being no common-law liability upon a municipal corporation to keep highways in repair, for injuries which resulted to person or property by reason of their defective condition the municipality was not held responsible. Then, as pointed out in *Barnet* v. *Contra Costa County; supra,* if the legislature enjoined it as a duty upon the municipality, it was considered a public, and not a corporate, duty, and, when any specific duty in this regard was imposed by statute upon any officer of the municipality, for his failure to perform it, he alone, and not the city, is generally deemed responsible. (*Huffman* v. *San Joaquin County,* 21 Cal. 427.) In a learned and very instructive note to *Goddard* v. *Harpswell,* 30 Am. St. Rep. 373, Mr. Freeman, after careful and critical review and analysis of many authorities, deduces and expresses the rule of liability for the acts of an officer of the municipality in the following language: " When an officer of a municipality has no other authority than that intrusted to him by law, and he acts

beyond that authority, and commits a tort, whereby a citizen is injured either in person or property, the tort is the act of the officer only, and ordinarily no recovery of damages can be had, except against him."

Now, in the particular matter under consideration, the surveyor and the street superintendent drew none of their powers in the premises from the orders or directions of the board of supervisors. They derived them all from the express provisions of the statute. They were the servants of the law, not of the supervisors. Neither of these was vested with any discretion whatsoever in the performance of the particular duties enjoined upon them. It was the duty of the engineer to give the true grade, and no other. It was the duty of the superintendent to see that the street was filled to the official grade, and to no other. In the performance of these duties they were not subject to, nor controlled by, the supervisors of the city. If agents of the city at all in this regard, they were agents acting under limited and restricted authority fixed by statute. (*Chambers* v. *Satterlee*, 40 Cal. 529.) They could no more bind the city by instructing the contractor to grade above the line called for by the city than they could bind it by instructing the contractor to take his dirt for filling from plaintiff's private property. Having negligently performed a duty imposed upon them by express law, and not by order of the municipality, a duty in the performance of which they were vested with no discretion, so far as concerns the particular matter under consideration, the city cannot be held responsible for their dereliction.

There was no error of which plaintiff may justly complain in the admission of evidence. Plaintiff pleaded and proved that the official grade was in fact seventy-five feet. He also proved that the grading actually done was to eighty-three feet. He further showed the proceedings of the board of supervisors, all of which called for grading to the official grade, and none of which specified what that grade was in feet.

The evidence objected to and admitted upon cross-examination went to charge the surveyor, with the commission of the error which caused the extra filling. In the absence of such evidence, there would be nothing to connect the city with the matter. The evidence, then, tended to strengthen rather than to weaken plaintiff's case.

The judgment appealed from is affirmed.

McFARLAND, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.