[L. A. No. 4979. In Bank.—August 3, 1920.]

## DELLA B. ELLIOTT, Respondent, v. COUNTY OF LOS ANGELES, Appellant.

[1] COUNTIES — FORMATION OF PROTECTION DISTRICT — DIVERSION OF STORM WATERS — DAMAGE TO LAND — PLEADING — SUFFICIENCY OF COMPLAINT.—In an action against a county for damages to plaintiff's land, the complaint states a cause of action where it alleges that the defendant wrongfully and unlawfully, and without plaintiff's consent, by certain concrete conduits and ditches constructed by defendant in connection with a protection district, diverted storm waters from their previous course over such land, whereby the land was damaged.

[2] ID.—NEGLIGENT CONSTRUCTION OF STORM DRAIN — DAMAGE TO LAND — PLEADING — SUFFICIENCY OF COMPLAINT.—In an action against a county for damages to plaintiff's land, the complaint states a cause of action where it alleges that the defendant in connection with a protection district changed the course of a storm drain so that the storm water came within seventy-five feet of such land, and so negligently constructed the drain that it broke and caused the alleged damage.

[3] ID.—NEGLIGENCE OF OFFICERS — NONLIABILITY OF COUNTY. — A county or municipal corporation is not responsible for the negligent acts of its officers acting ministerially in pursuance of statutes imposing duties directly upon them, whereby injury is caused to persons or property, the right of action in such cases being solely against the officer whose negligence caused such damage.

[4] ID.—CONSTRUCTION OF WORKS FOR PUBLIC PURPOSES—DAMAGE TO PROPERTY—RIGHT OF ACTION AGAINST COUNTY.—Where property has been damaged by works constructed by a county for public purposes and no compensation has been provided or paid in advance as required by article I, section 14, of the constitution, the county is liable for the damage, and an action may be maintained therefor under section 4003, subdivision 1, of the Political Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, Roy V. Reppy, Assistant County Counsel, and Vincent Morgan, Deputy County Counsel, for Appellant.

Charles H. Mattingly for Respondent.

SHAW, J.—The defendant appeals from the judgment. The record on appeal consists of the judgment-roll alone.

The first count of the complaint alleged that certain storm waters, prior to the injury complained of, had always flowed in a westerly direction, in a course a mile north of plaintiff's land, and not over, through, or across said land; that in February, 1914, the defendant wrongfully and unlawfully, and without plaintiff's consent, by certain concrete conduits and ditches constructed by it in 1913, in connection with a protection district known as the San Fernando Protection District, diverted said storm waters from their previous course over, through, and across the plaintiff's land, whereby said land was damaged by reason of the ditches and gullies washed therein by said storm water, in the sum of two thousand dollars. It also alleges the filing of a claim with the board of supervisors and the rejection thereof.

4. Liability of counties for injuries to real property from public improvements, note, 39 L. R. A. 63.

The second count, in addition to the allegations aforesaid included in the first count, alleges that the alteration in the course of the storm drain, made in connection with the protection district, changed the course so that the storm water came within seventy-five feet of the plaintiff's land, and that, in constructing said artificial watercourse, defendant negligently failed to make it sufficient and adequate to carry the waters diverted into the same and used inferior, defective, and inadequate materials, and that by reason of all these acts of the defendant the said concrete conduit broke at a point seventy-five feet from plaintiff's land, in consequence whereof the waters were diverted over, across, and through plaintiff's land to its damage as previously stated.

The answer consisted solely of a denial of the material allegations of the complaint.

The findings state that prior to the alterations made by the defendant the course of the storm waters in question was not nearer than one mile from plaintiff's land; that in 1912, under and in pursuance of the act of March 27, 1895 (Stats. 1895, p. 248), the defendant formed a protection district, called the San Fernando Protection District; that in carrying out the objects of the said protection district defendant, by means of a dam, headworks, tunnel, and concrete conduit constructed for that purpose, diverted said storm waters over, through, and across plaintiff's land, by reason whereof the same was damaged in the sum of three hundred dollars; and that the said dam, headworks, concrete conduit, and tunnel were erected under plans and specifications furnished by the defendant.

[1–2] Each count of the complaint states a cause of action against the defendant. [3] It is true, as pointed out in *Sievers* v. *San Francisco*, 115 Cal. 648, [56 Am. St. Rep. 153, 47 Pac. 687], that a county or municipal corporation is not responsible for the negligent acts of its officers acting ministerially in pursuance of statutes imposing duties directly upon them, whereby injury is caused to persons or property, the right of action in such cases being solely against the officer whose negligence caused the damage. But the complaint alleges that the acts which caused the injury in the present case were the acts of the county itself. It alleges that it was done in connection with a certain protection district. The act of 1895 provides that the county may form

protection districts, and through that agency may construct works for the control of surface water and storm water to protect lands liable to injury therefrom. An allegation to that effect is not necessary, since it is a matter of law that the county has such power. The findings show more clearly than the pleading that the new conduit for the water was made for public purposes. If the complaint is defective in that respect, the defect is cured by the findings and by section 4½, article VI, of the constitution. (*Cutting P. Co.* v. *Canty,* 141 Cal. 695, [75 Pac. 564]; *Vallejo etc. R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545, [147 Pac. 238].) **[4]** The case, therefore, is one wherein property has been damaged by works constructed for public purposes, and no compensation has been provided or paid in advance as required by the constitution. (Art. I, sec. 14.) In such cases the rule is well established that if the property is not condemned by legal proceedings and the damage paid in advance before the construction of the works, the county is liable for the damage resulting therefrom, and an action will lie against it for the recovery thereof. (*Tyler* v. *Tehama County,* 109 Cal. 621, [42 Pac. 240]; *Reardon* v. *San Francisco,* 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317]; *Perkins* v. *Blouth,* 163 Cal. 789, [127 Pac. 50]; *Sala* v. *Pasadena,* 162 Cal. 717, [124 Pac. 539]; *Spangler* v. *San Francisco,* 84 Cal. 12, [18 Am. St. Rep. 158, 23 Pac. 1091].) An action may be maintained against a county for any damages arising from an injury for which such county is legally liable under this section of the constitution. (Pol. Code, sec. 4003, subd. 1.)

The judgment is affirmed.

Olney, J., Lennon, J., Lawlor, J., Wilbur, J., and Angellotti, C. J., concurred.