[L. A. No. 11648. In Bank.—December 23, 1929.]

SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Arthur T. Stollmack for Petitioner.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondents.

PRESTON, J.—The petition for writ of mandate herein is denied. The application involves solely a construction of section 1305 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1386, chap. 735). The legislature at that time extended the period from twenty to ninety days within which the court may direct the forfeiture of the undertaking to be discharged, but at the same time added a provision respecting the surety upon the bail bond. After

amendment, the language of the section in this connection was as follows: "But if at any time within ninety days after such entry in the minutes, the defendant and his bail appear and satisfactorily excuse his neglect, *and show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail,* the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

Petitioner asserts that we should ascribe to the word "and," as it appears before the word "show" in the above quotation, the meaning of "or." The effect of this construction, if allowed, would be, not to provide that both defendant and bail be without default, but to permit relief where defendant's absence was wilful so long as the bail was acting in good faith. In other words, petitioner's contention is that a surety, if acting in good faith, has ninety days after the failure of a defendant, whether excusable or not, to appear, within which to produce him and be relieved from a forfeiture of the undertaking. We are pointed to such cases as. *Washburn* v. *Lyons,* 97 Cal. 314 [32 Pac. 310] , *People* v. *Pool,* 27 Cal. 573, 581, and *Abbey* v. *Board of Directors,* 58 Cal. App. 757, 760 [209 Pac. 709], as illustrating the fact that in construing some statutes the word "and" has been substituted for the word "or" and *vice versa.* But a consideration of the terms of this statute does not warrant such a construction of said word.

It is our view that the legislature intended not only that a defendant be free from fault, but that the bail be likewise free from intentional interference on his part. It is suggested that if a defendant be free from fault, the surety must of necessity be free also. But this does not necessarily follow for it may be easily supposed that a defendant was acting in ignorance of his duty to appear and the surety on his bond was at the same time acting with design to prevent his appearance. The construction which we place on this section is illuminated by the more recent amendment to section 1306 of the Penal Code, enacted in 1929 (Stats. 1929, p. 1872, chap. 849). This section provides that under certain specified conditions, a surety may, if acting in good faith, secure a return of the bail money if he produces the defendant within one year

after the entry of the judgment of forfeiture and this is followed by a conviction of the defendant of the highest charge embraced in the complaint or information or indictment. This would seem to be the full measure of relief that a surety in any case may have. It is true that the above provision was added since 1927, but nevertheless, we see no reason to omit a consideration of its provisions in our effort to ascertain the true legislative intent at the time of the amendment here in question.

The facts of this case as shown by the record are as follows: Mamie Jacobs and John Morelli were complained against in the Municipal Court of the City of Los Angeles, presided over by the Honorable Georgia P. Bullock, for the offense of petit theft. On February 14, 1929, after entering pleas of guilty, they applied for probation. The cause was continued to February 20, 1929, for hearing on the application for probation and sentence; bail in the sum of five hundred dollars was fixed to insure their appearance on said day. Defendants, however, failed and neglected to appear and, no cause being shown for said neglect, the bail was ordered forfeited. On March 13, 1929, defendants were surrendered into court by said Seaboard Surety Company, were sentenced by the court and duly committed to the Los Angeles city jail. On April 12, 1929, said Seaboard Surety Company moved the court that said forfeiture be set aside and vacated and that the bail be exonerated. The motion was ordered submitted on briefs. The court thereafter, on June 5, 1929, found that the neglect of said defendants to appear was inexcusable, but that it was not with the connivance of the bail and, therefore, solely upon the ground that defendants could not excuse their said neglect to appear in court as ordered, and for no other reason, said court ordered that said motion to set aside the bail forfeiture be denied. Thereafter said surety filed its petition for writ of mandate herein, which we have been led to deny.

Curtis, J., Richards, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.

SHENK, J., Dissenting.—I dissent. I take it to be self-evident that the purpose of bail is to insure the appearance of the defendant when required and that

the public interest is better subserved by having a fugitive or absconding defendant returned to the court to meet the requirements of justice than by swelling the public coffers with forfeited bail money. This was undoubtedly the underlying purpose and intent of the legislature by the amendment in 1927 of section 1305 of the Penal Code. Prior to the amendment the surety on the bail bond was without the remedy of having the order forfeiting bail discharged even though he surrendered the defendant to the court within the twenty-day period, where the neglect of the defendant was not satisfactorily excused. This was true with or without the connivance of the bail in the wrongdoing of the defendant. It is inconceivable that the legislature intended, by the amendment of 1927, to do no more than enlarge the time when the defendant might return or be surrendered by the surety to the court from twenty to ninety days. But this is the effect of the main opinion and the amendment of 1927 is otherwise rendered meaningless and nugatory. The obvious purpose of the amendment was to offer an incentive or inducement to the surety to locate and apprehend the defaulting defendant and the time was enlarged to ninety days for that purpose. Under the main opinion the surety, without fault, is in no better position than he was under the old statute. He may exert much effort and go to much expense in locating the defendant and surrendering him to the court and, however blameless and free from connivance in the wrongdoing of the defendant he may be, he is entirely helpless unless the defendant satisfactorily excuse his failure to appear at the time appointed.

I cannot subscribe to the argument of the majority that a defendant may be found to be entirely blameless and still the bail be guilty of connivance with him. The word "connivance" as applied to one party (in this instance the surety), presupposes some unlawful or wrongful act or omission on the part of another (here the defaulting defendant), that is, some feigned ignorance or acquiescence or encouragement of the surety in the wrongdoing. All of the definitions of the term "connivance" are to this effect. *Oakland Bank of Savings* v. *Wilcox*, 60 Cal. 126, at page 137, approved an instruction that "connivance is an agree-

ment or consent, directly or indirectly given, that something unlawful shall be done by another." One may not connive with himself any more than he may conspire with himself. It requires at least two persons to connive. Excusable neglect is incompatible with the existence of connivance and when a defendant has "connived" there can be no excusable neglect. The legislature could have had no reason to extend the time for the appearance of the defendant from twenty to ninety days except to give the surety the opportunity and incentive to apprehend the defendant, return him to the court and, by showing that the default of the defendant, without excuse, was not with the connivance of the surety, enable the latter to save himself from the forfeiture. In no way may this manifestly intended and beneficial result be accomplished except by reading the word "and" as "or" in the amended section.

The amendment in 1929 of section 1306 of the Penal Code, in my opinion, throws no light at all favorable to the construction placed on section 1305 by the majority. Quite to the contrary, section 1306 is in complete harmony with the construction of section 1305 as contended for by the petitioner. The relief from the forfeiture provided for in section 1305 relates to a time within the ninety-day period and before any judgment on the bail bond has or could be entered. The relief provided for in section 1306 relates to the time between the entry of the judgment on the bail bond and one year thereafter. Under the latter section the absence of connivance on the part of the surety may be shown by affidavit only, and the relief may be granted to the surety, however culpable the defendant may have been in his default. To say that a nonconniving surety may be relieved under section 1306 as against a grossly offending defendant provided such defendant be returned to court within one year after the entry of the judgment on the bond and may not be relieved under section 1305 when such a defendant is returned to court within ninety days after the order of forfeiture is to do violence to the plain meaning and intent of the legislature in the amendment of section 1305 and reduce the law to an absurdity.

Rehearing denied.

Shenk, J., dissented.