22 Cal.App.2d Supp. 735 (1937)
MARY E. LEACH, Appellant,
v.
W. S. DINSMORE et al., Respondents.
California Court of Appeals. 
March 6, 1937.
 Eckman & Lindstrom and Morton L. Barker for Appellant.
 Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, Ray L. Chesebro, City Attorney, and Bourke Jones, Deputy City Attorney, for Respondents.
 Schauer, J.
 Plaintiff's assignor, who was the defendant in a criminal proceeding pending in the Municipal Court of the City of Los Angeles, deposited the sum of $2,000 as cash bail with the defendant W. S. Dinsmore as Clerk of the said Municipal Court. On April 29, 1935, such assignor having failed to appear as required, the court ordered entries in its minutes appropriate to declaration of bail forfeiture pursuant to the provisions of section 1305 Penal Code which in material part reads as follows:
 "If, without sufficient excuse, the defendant neglects to appear ... when his presence in court is lawfully required ... the court must direct the fact to be entered upon its minutes, and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited. But if at any time within ninety days after such entry in the minutes, the defendant and his bail appear and satisfactorily excuse his neglect, and show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."
 On July 17, 1935, the defendant in the above-mentioned criminal action appeared and proceedings were had under said section 1305 of the Penal Code, with the result that the court on that day made an order that "the bail forfeiture entered on the minutes of this Court on April 29, 1935, be vacated and set aside and Bond ordered exonerated upon the condition that the sum of $500.00 costs is first paid to the Municipal Court". Within 10 days thereafter plaintiff's assignor, through his attorney, interviewed the defendant clerk with regard to procuring the return of the $2,000 deposit less the $500 ordered paid as costs. The clerk declined to make any refund unless and until an additional $500 was paid to him in satisfaction of the costs assessed by the court as above [22 Cal.App.2d Supp. 739] mentioned. On August 15, 1935, plaintiff, by assignment, became the owner of the funds in question; thereafter formal written demands were served upon each of the defendants, demanding in the alternative either the payment of $1500, being the $2,000 deposited less the $500 charged as costs, or the payment of the full $2,000 upon acceptance of an additional $500 then tendered. All demands were refused; this action was brought to recover the balance of $1500 allegedly due plaintiff; judgment was rendered in favor of all defendants and from it this appeal is prosecuted.
 Relative to the handling of deposited bail money and collected fines and forfeitures, section 1463 of the Penal Code as it existed prior to the amendments of the year 1935, required deposit with the county treasurer of "moneys deposited as bail" and directed that "Except where otherwise specifically provided by law all fines and forfeitures collected upon conviction or upon the forfeiture of bail in any municipal court shall be paid to the county treasurer of the county in which such court is situated." This statute declared the purpose of partially reimbursing the county for the cost of operating criminal departments of the municipal court and went on to provide that the "county treasurer shall withhold monthly out of the total amount of such fines and forfeitures collected during the preceding calendar month a sum equal to seventy-five per cent of the total monthly cost of maintaining and operating such departments of said court while acting in the exercise of its criminal jurisdiction in misdemeanor cases" and that "The remainder of such total amount of such fines and forfeitures shall, at least once a month be paid over to the treasurer of the city for which such court is established by warrant of the county auditor which shall be drawn upon the requisition of the clerk of said court."
 It appears from the record that the $2,000 cash bail was deposited with the defendant W. S. Dinsmore as Clerk of the Municipal Court on April 19, 1935, and on that day he in turn deposited said money in a trust account with the defendant H. L. Byram, as Treasurer of the County of Los Angeles. This trust account apparently was maintained by the defendant clerk as a depository for money "deposited as bail" which he was in duty bound to hold in trust for the benefit of its owner or depositor or whoever might become entitled thereto, including in the last category, in the event of [22 Cal.App.2d Supp. 740] ultimate forfeiture the county, and possibly the city, of Los Angeles. The money here involved remained in this trust account until August 1, 1935, when said clerk withdrew said fund and redeposited it with the county treasurer, in a "Fines and Forfeitures account", which latter account, on September 1, 1935, showed $56,895.30 as the total amount of collections of fines and forfeitures (other than vehicle cases) for the month of August, 1935. On September 7, 1935, there was charged to this account the sum of $20,446.71, being the computed 75 per cent of misdemeanor operation cost of the municipal court for the preceding month, and the balance, amounting to $36,488.59, was transferred to the defendant city of Los Angeles. This division of funds we assume was intended to be in compliance with a construction by the officers concerned of the provisions of section 1463 of the Penal Code hereinabove referred to and quoted.
 [1] The defendant clerk of the municipal court evidently did not on April 29, 1935, at the time the court ordered the bail forfeited, or at any time prior to August 1, 1935, consider that the $2,000 which had been "deposited as bail" had reached the status of "forfeitures collected", within the meaning of said section 1463. When and if it ever became a "collected" forfeiture the duty devolved upon him to account for it to the city treasurer during the next ensuing calendar month. To the extent that the diligent clerk, perplexed by the difficulty of interpretation of sections 1305 and 1463 Penal Code declined to treat the money involved in this litigation as a "collected" forfeiture, he was correct but we cannot sustain his actions on and subsequent to August 1st. In our opinion, the bail deposited by plaintiff's assignor has never reached the status of a "collected" forfeiture. It could do so only upon some final determination of the right of the owner to recover it, as by the expiration of the time limited for making application for relief from the forfeiture without such application being made or by the subsequent final denial of any application which was pending at the time the period expired.
 [2] Contrary to defendants' contention, section 1305 Penal Code does not require "the appearance of the defendant and the setting aside of the forfeiture within ninety days after the order of forfeiture". It requires only that the appearance and showing be made (possibly only commenced) within the ninety-day period. [22 Cal.App.2d Supp. 741]
 The provision here as to the time limit for action is cast in a form quite similar to that of section 473 Code of Civil Procedure, which is construed to mean that if the application for relief is made within the time specified, the action of the court thereon may be taken after that time has expired. (See 14 Cal.Jur. 1069, 1070; In re Yoder, (1926) 199 Cal. 699, 702 [251 P. 205]; Wolff & Co. v. Canadian Pac. Ry. Co., (1899) 123 Cal. 535 [56 P. 543].) The same rule was applied when terms of court were recognized and a motion to vacate a judgment was made during the term but not decided until after adjournment. (Osmont v. All Persons, (1913) 165 Cal. 587, 591 [133 P. 480].) In this connection it is interesting, and perhaps of some significance, to note that section 1305 as originally enacted in 1872 provided that application to set aside a forfeiture of bail bond or bail money could be made "at any time before the final adjournment of the court". In congruence which the reasoning in the case last cited it would seem that an application to vacate a forfeiture, if made before, could have been granted after, "final adjournment".
 That it was the understanding and intention of the legislature that the provision in section 1305 of the Penal Code limiting the time within which the party could apply for relief from his default should not chop off the power of the court to act upon an application validly made within the prescribed time is further suggested by a consideration of the significance of section 1307 Penal Code in its relation to section 1305 as the latter existed prior to its last amendment. In the year 1905 (Stats. 1905, pp. 701, 702) the legislature amended both sections 1305 and 1307 and from that amendment of the year 1905 up to the year 1927 said section 1305 allowed only twenty days for the defendant to appear and move to vacate an order of forfeiture of money deposited instead of bail while during all of the same period section 1307 clearly contemplated that the court had at least thirty days within which to act upon the application, its language being as follows: "If, by reason of the neglect of the defendant to appear money deposited instead of bail is forfeited, and the forfeiture is not discharged or remitted, the clerk with whom it is deposited must, at the end of thirty days, unless the court has before that time discharged the forfeiture, pay over the money deposited to the county treasurer." [3] [22 Cal.App.2d Supp. 742] It is a general rule of statutory construction that a statute should be considered as a whole (People v. Pereles, (1932) 125 Cal.App. Supp. 787, 790 [12 PaCal.2d 1093]; People v. Frost, (1932) Id., 794, 795 [12 PaCal.2d 1096]), and in construing one section of a code other sections on the same subject may properly be considered. (23 Cal.Jur. 761, 762; Seaboard Surety Corp. v. Municipal Court, (1929) 208 Cal. 596, 597 [283 P. 289]; Pacific Ind. Co. v. Myers, (1931) 211 Cal. 635, 641 [296 P. 1084].)
 [4] Applying the rules of construction heretofore discussed we think the appearance and showing on the part of the defendant depositor of bail money might be had within the period limited by the statute and the court could hold the matter under submission beyond that time, retaining full power to make a valid order in the premises. Likewise, having made a valid conditional order within that period, the condition, unless otherwise limited, could thereafter be met. [5] The order made in this case did not expressly state the time within which the condition could be complied with, and in the absence of such expression it will be presumed that the court either contemplated that the clerk should immediately apply $500 of the $2,000 then on deposit, in satisfaction of the costs, as we think could have been done (see Mundell v. Wells, (1919) 181 Cal. 398 [184 P. 666, 7 A.L.R. 383]), or it intended that there should be no limitation short of the time prescribed by the statute (sec. 1463, Pen. Code) for claiming money deposited as bail after final disposition of the case in which it was deposited or after order of court for its return.
 [6] Since the money deposited in this case did not attain the status of a "collected" forfeiture, we think that the provisions of the last paragraph of section 1463 Penal Code (as it read at the time involved), were applicable to it. That paragraph, in material part, was as follows: "All money deposited as bail which has not been claimed within one year after the final disposition of the case in which such money was deposited, or within one year after an order made by the court for the return or delivery of such money to any person, shall be paid ... to the general fund of the county and ... apportioned between the city and county and paid in the manner hereinabove provided for the apportionment of fines and forfeitures." Also pertinent is the immediately preceding paragraph: "Any money deposited with such court or [22 Cal.App.2d Supp. 743] with the clerk thereof which, by order of the court ... should be returned in whole or in part to any person ... shall be paid to such person ... by warrant of the county auditor, which shall be drawn upon the requisition of the clerk of such court."
 We do not regard the provisions of section 1307 Penal Code requiring the clerk to "pay over" to the county treasurer "money deposited instead of bail", when it has been forfeited, "at the end of thirty days, unless the court has before that time discharged the forfeiture", as controlling over section 1463 or as having any significance in this case other than the interpretative implication previously discussed. The meaning of section 1307, which as hereinbefore mentioned was amended to its present form in the year 1905, has been rendered somewhat doubtful by the amendment in 1927 of section 1305. In that year the twenty-day period of limitation upon a party and his bail within which application to set aside a forfeiture could be made was increased to ninety days, but no corresponding amendment was made in section 1307. Section 1463 was enacted in 1925 and deals specifically with bail in municipal courts. It controls in this case.
 [7] It will be observed that all provisions of said section 1463 relating to the handling and disposition of "fines and forfeitures" specifically identify the subject-matter referred to as "such fines and forfeitures" (italics ours), thereby limiting the applicability of such provisions to the "collected" fines and forfeitures described in the first sentence of that code section. Under the law as quoted, and the circumstances shown in this case, it was the duty of the defendant clerk to hold on deposit with the county treasurer the "money deposited as bail" which had not become a "collected" forfeiture, for one year after the order for its exoneration and implied return, unless it was sooner claimed. It was sooner claimed and should have been repaid by the county treasurer through the county auditor's warrant drawn upon requisition of the defendant clerk. [8] Which of the two demands, the first for $1500 or the later one for $2,000, accompanied by express tender of $500, should have been honored is immaterial upon this appeal as even the later one was not beyond any time limited either by the order or by law.
 [9] Nothing appears in the record which requires a reversal of the judgment as to any of the several individual defendants, either personally or in an official capacity, except [22 Cal.App.2d Supp. 744] the defendant W. S. Dinsmore. With the single exception noted, the acts of the individual defendants were performed by them in their respective official capacities in compliance with the mandate of the law. They acted merely as administrative officers, had no discretion in the premises and were bound at their peril to honor the requisition of the clerk or accept and deposit the funds transmitted, in accordance with the duties of their respective offices. (See Mundell v. Wells, (1919) 181 Cal. 398, 400, 401 [184 P. 666, 7 A.L.R. 383].)
 [10] The liability of the county of Los Angeles to plaintiff, if any exists, can rest only upon the theory of money had and received. The county was in legal effect but a governmental agency of the state in this matter and the various county officers were, so far as responsibility is concerned, not agents of the county but merely servants of the law, under the direction of which, rather than of the county, they were required to act, and the county therefore would not be liable for any torts committed by them in that connection, even if they disobeyed the law. (Sherbourne v. Yuba County, (1862) 21 Cal. 113 [81 Am. Dec. 151]; Crowell v. Sonoma County, (1864) 25 Cal. 313; Sievers v. San Francisco, (1897) 115 Cal. 648, 654-656 [47 P. 687, 56 Am.St.Rep. 153]; Municipal Bond Co. v. Riverside, (1934) 138 Cal.App. 267, 274 [32 PaCal.2d 661]; Union Bank & Trust Co. v. Los Angeles County, (1934) 2 Cal.App.2d 600 [38 PaCal.2d 442].) In the case last cited, where plaintiff sought to recover from the county money filed in court as an exhibit, and which had been embezzled by a deputy county clerk, the court said at page 610: "The liability of the county for the return of this money can only be based on allegations and proof of receipt thereof or a conversion thereof to the use or benefit of the county. (Citing cases.) And under the allegations it is made clear that the clerk of the court did not receive it as the agent of the county nor in any way for it, or in its behalf. Therefore the county did not become the debtor for this money, nor liable to recovery thereof as of moneys had and received to and for its use and benefit." While there are exceptions to this rule of nonliability of a county for torts of its officers, as where the county is acting in a proprietary capacity (see Chafor v. City of Long Beach, (1917) 174 Cal. 478, 483, 484 [163 P. 670, Ann. Cas. 1918D, 106, L.R.A. 1917E, 685]; Morrison v. Smith Bros., Inc., (1930) 211 Cal. 36, 39 [293 P. 53]), or where the act complained of [22 Cal.App.2d Supp. 745] is really a taking of private property for public use (see Cal. Const., sec. 14, art. I; Tyler v. Tehama County, (1895) 109 Cal. 618 [42 P. 240]; Elliott v. County of Los Angeles, (1920) 183 Cal. 472 [191 P. 899]), this is because the county in such a case is acting quoad hoc as a private corporation or because the case comes within some constitutional or statutory provision which has no application here.
 Until bail money becomes a collected forfeiture, as hereinbefore defined, and has been apportioned to and paid into the treasuries of the city and county respectively, the duties of the clerk of the municipal court, the county auditor and the county treasurer in regard to it are those prescribed by the various sections of the Penal Code above cited and perhaps other sections and statutes, and under the rule above stated the county is not responsible for their acts even though they (or one of them) by reason of failure to comply with the law may become personally liable for a conversion. The same principles exempt the city from liability up to that time.
 [11] Upon such apportionment and division, any bail money included therein passes either to the city or to the county, or partly to each, as city or county funds, and from that time on each of them is liable, in an action for money had and received, to anyone legally entitled to such money for such part thereof as it may have received. We have already held that plaintiff is entitled to the money here in question. [12] By what entity was it received upon the apportionment of funds in which it was included? Under the terms of Penal Code, section 1463, as amended in 1935, the answer to this question would be easy, depending merely on the identity of the employer of the officer or person who filed the complaint against the person for whom the bail was deposited. Under that section as previously existing, the question is more complicated, but we think an answer may be found, upon the facts of this case. All valid collected fines and forfeitures up to seventy-five per cent of the cost of conducting the criminal departments of the court belonged to the county. If no more than that amount was apportioned, all went to the county and it received every forfeiture included in the apportionment, whether rightly or wrongly. But when more was collected, since the county was entitled to this definite sum before the city got anything, we think it inevitably follows from the fact that there was a surplus that the county's reimbursing share came out of the money which [22 Cal.App.2d Supp. 746] was properly subject to distribution; and if any item was wrongly included in the apportionment, it must be considered as constituting a part of the excess (to the extent thereof) which went to the city, because until the county had received its fixed amount there could be no surplus for payment to the city. Upon returning such item to its true owner, the city would occupy the same situation as if the apportionment had been made in accordance with the true rights of the parties. The county, on the other hand, if it were held to have received any wrongfully apportioned item under such circumstances, would, upon being required to return it to the true owner find a deficiency in the reimbursement which the legislature positively declared it should have, although the fund provided for that purpose was ample. It results from these considerations that in this case the city is and the county is not liable to refund to plaintiff the money in question.
 The judgment in so far as it is against plaintiff and in favor of the defendants City of Los Angeles, a municipal corporation, and W. S. Dinsmore individually and as Clerk of the Municipal Court of the City of Los Angeles, is reversed and the cause remanded to the Municipal Court of the City of Los Angeles for a new trial, appellant to recover her costs of appeal. As to all other defendants and respondents the judgment is affirmed, such respondents to have their costs of appeal.
 Wilson, J., pro tem., concurred.
 Shaw, P. J.
 [Concurring.]
 I concur, but I agree to the holding that the power of the court to act on an application for relief from a bail forfeiture continues after the expiration of ninety days from the forfeiture, only in so far as it applies to a case where money deposited in lieu of bail has been forfeited. As to such a case, I agree that there is nothing in the law to cut off at the end of ninety days the power of the court to act on such an application. But where the forfeiture of a bail bond is in question, the provisions of section 1463 of the Penal Code which are relied on as extending the time do not apply, and section 1306 of the same code, as amended in 1927, must be considered and construed with section 1305. When this is done, the provisions of section 1306 for entering judgment on a forfeited bail bond on the ninety-first day after a forfeiture may perhaps be regarded [22 Cal.App.2d Supp. 747] as ending at that time the power of the court to set aside the forfeiture. This question is not now before us, but if it should be presented, this decision should not be regarded as determinative of it.