[Civ. No. 28381.   Second Dist., Div. Four.   Feb. 14, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. UNITED BONDING INSURANCE COMPANY, Defendant and Appellant.

Edward S. Cooper, Ronald Harrison Cooper and Kenneth Foley for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

BISHOP, J. pro tem.*—The United Bonding Insurance Company, facing the possibility of the entry of two summary judgments for a total of $3,850 against it, based on two forfeited bail bonds that it had issued, moved to have the forfeitures set aside. The trial court granted the motion, conditioned upon the payment by the bonding company of a total of $2,000. The bonding company, unhappy because of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

the size of the payment made a condition, appealed. We are affirming the order.

A defendant in two felony cases that had been consolidated for trial was at liberty on the two bail bonds furnished by our appellant. The trial had progressed to the point where the defendant had been found guilty on one charge and the People had rested in the second case when the noon recess was taken. All parties were instructed to return by 1:30 p.m., but the defendant failed to show up and the two bail bonds were forfeited. The court instructed the district attorney to make a diligent search for the defendant, ordered the issuance of a bench warrant, and put the trial temporarily off calendar. Defense counsel was directed to appear for further proceedings a week later. The foregoing events occurred on December 6, 1963.

A week later, on December 13, defense counsel being present, the cases were called and so was the defendant, but he did not appear. Evidence was taken that convinced the trial court that there had been an "exercise of reasonable diligence to procure the presence of the defendant" and, as authorized by section 1193 of the Penal Code, it sentenced him, in his absence, to the state penitentiary. The trial on the other charge was continued.

At sometime between December 6 and March 3 the defendant was apprehended. On the latter date, just nine days before section 1306 of the Penal Code, as then in effect, required entry of summary judgments upon the forfeited bail bonds, the bail bond company filed a notice of motion to vacate the forfeitures and exonerate the bonds. The notice stated that the motion would be made on the ground that the failure of the defendant to appear was excusable and was without the connivance or collusion of the bail, and would be "based upon the papers and files of the above action."

The motion was, with the consent of the deputy district attorney, heard at the time set, the same day that the notice was filed. The authority for the order sought was section 1305 of the Penal Code which then provided: ". . . if at any time within 90 days after such entry in the minutes [of defendant's failure to appear], the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking . . . to be discharged upon such terms as may be just. . . ."

No evidence was offered at the hearing which was before the judge who was familiar with the course of events that led up to it and, of course, with the evidence adduced on December 13th. In the premises it cannot be said by us that the condition of the order was not "just." True, it has been said: "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. [Citation.]" (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 656-657 [2 Cal.Rptr. 754, 757, 349 P.2d 522, 78 A.L.R.2d 1174].) But where, as here, the bail had failed to insure the attendance of the defendant and the bail was forfeited, whether or not the forfeiture should be set aside at all upon the defendant's rearrest, was, before 1963, a matter of discretion of the trial court (*People* v. *Durbin* (1963) 218 Cal. App.2d 846, 848-849 [32 Cal.Rptr. 569, 572]), and the trial court still has discretion to impose such condition as it finds just. There is no set standard by which the condition is to be measured. We are not ready to hold that the condition set in this case was not just.

The further condition that the money to be paid is to be handed to the county clerk for the People of the State of California, even if it should prove to be not technically correct, is a condition of which the appellant cannot complain. The code is not specific with respect to the destination of proceeds received from forfeited bail. If it is cash bail that has been forfeited it is, if the forfeiture is not set aside, to be paid over to the county treasurer. (Pen. Code, § 1307.) If a summary judgment is entered following forfeiture, the civil advisor of the county board of supervisors must take steps to collect it. (Pen Code, § 1306.) From these and other provisions of the statutory law, there may be determined the final resting place of the money that appellant is to pay if it desires to be relieved of its obligations under its undertakings. Paying it into the hands of the county clerk will get it on its way. Where it goes is no concern of the appellant. The payment to the county clerk protects appellant against the threatened summary judgments.

Order affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1966.