[No. B016664. Second Dist., Div. Seven. June 19, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
SUE SARKIS BAIL BONDS, Defendant and Appellant.

## COUNSEL

Sue Sarkis, in pro. per., for Defendant and Appellant.

Ira Reiner, District Attorney, Donald J. Kaplan and Brent Riggs, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—This is an appeal from order denying motion to tax costs in a proceeding to vacate forfeiture of a bail bond.

### FACTUAL AND PROCEDURAL BACKGROUND

Sue Sarkis Bail Bonds (Sarkis), as agent of the surety, furnished a bail bond in the sum of $2,500 to secure the appearance of one Ronald Page on a felony charge. On May 23, 1985, bail was ordered forfeited when Page failed to appear for trial without sufficient excuse. On May 28 Page appeared in court and was remanded to custody. On July 12, in response to Sarkis's motion to vacate forfeiture of bail, the court ordered that upon payment of $50 "costs" before August 30, the order forfeiting bail would be vacated and bail reinstated and exonerated.[1] On August 7 Sarkis noticed a motion to tax costs (Code Civ. Proc., § 1033) on grounds that because no memorandum of costs and disbursements was served and filed there was no basis for the imposition of costs as a condition of vacation of the bail forfeiture and, in any event, such costs are "unreasonable and not properly chargeable." On August 19 Sarkis's motion to tax costs was denied. On August 22, pursuant to the order of July 12, Sarkis paid to the clerk of the court the sum of $50. By minute order of August 22, the order forfeiting bail was vacated and bail reinstated and exonerated.

Sarkis appeals from the order denying its motion to tax costs.

---

[1] The minute order of July 12, 1985, reads: "Upon payment of $50.00 costs before 8-30-85 order of 5-23-85 forfeiting bail is/is to be vacated and bail reinstated and exonerated."

## Discussion

### I

### Appealability of the Order

■ An order denying a motion to tax costs is appealable when it is made after final judgment. (Code Civ. Proc., § 904.1, subd. (b); *Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 654 [203 P.2d 755]; *Jimenez* v. *City of Oxnard* (1982) 134 Cal.App.3d 856, 858, fn. 3 [184 Cal.Rptr. 864].) (2) "The forfeiture of bail is an independent, collateral matter, civil in nature, and the effect of an order on a motion to set aside such a forfeiture is substantially a final determination at the trial court level of issues affecting the surety, aside from the principal matter before the court." (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].)

■ The order denying appellant's motion to tax costs was made following the order of July 12 which conditioned the vacation of bail forfeiture upon the payment of $50, but before the payment of such sum and the order of August 22 which set aside the forfeiture. However, the fact that an order is conditional does not prevent it from being a final judgment if, so far as the condition is concerned, the order is self-executing and requires no further judicial act. (*Taper* v. *City of Long Beach* (1982) 129 Cal.App.3d 590, 606 [181 Cal.Rptr. 169]; *Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 450-451 [301 P.2d 264].) The order of July 12 required no further judicial act to vacate the forfeiture of bail; it was self-executing in that, upon payment of the sum specified therein, only the ministerial act of vacating the forfeiture was contemplated. Accordingly, the order of July 12, not the order of August 22, constituted the final judgment in the proceeding to set aside bail forfeiture. The order denying appellant's motion to tax costs, made following the July 12 order, therefore is appealable.[2]

We turn now to the merits of the appeal.

### II

### Propriety of the Order

### A

■ Appellant contends the order denying its motion to tax costs must be reversed because there was no basis for the imposition of costs, the party

---

[2]No waiver of Sarkis's right of appeal results from its payment of the sum imposed as a condition of the vacation of bail forfeiture. (See *Lee* v. *Brown* (1976) 18 Cal.3d 110, 115-116 [132 Cal.Rptr. 649, 553 P.2d 1121].)

claiming costs[3] having failed to serve and file a memorandum of costs and disbursements as required by Code of Civil Procedure section 1033.[4] The contention lacks merit. While the order of July 12, 1985 calls for the payment of "costs," section 1033 is inapplicable in the present case. It is Penal Code section 1305 which governs the propriety of the provision for payment of money in that order.

Penal Code section 1305 provides that upon a satisfactory showing that the defendant's failure to appear was excusable, "the court shall, under terms as may be just and that are equal with respect to all forms of pretrial release, direct the forfeiture of the undertaking or the deposit to be set aside and the bail or money deposited instead of bail exonerated immediately. . . ." Section 1305.1 refers to an "assessment . . . made [as] a condition of discharging the forfeiture under Section 1305."[5] An assessment includes the act of determining an amount to be paid (Webster's Third New Internat. Dict. (1981) p. 131) and it is within the trial court's discretion under section 1305 to impose a monetary payment as a condition of setting aside a forfeiture of bail. (See *People* v. *United Bonding Ins. Co.* (1966) 240 Cal.App.2d 124 [49 Cal.Rptr. 360]; *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871, 880 [64 Cal.Rptr. 777].) Thus, the provision in the July 12 order for payment of $50 as a condition of vacation of the bail forfeiture was authorized by Penal Code section 1305. Despite the fact that such order, a printed form, specified payment of $50 "costs," such sum was not assessed as an item of costs under the statutory provisions governing costs in civil actions (Code Civ. Proc., § 1021 et seq.), but was assessed pursuant to Penal Code section 1305 as a condition of vacation of the bail forfeiture. It follows that service and filing of a cost bill (Code Civ. Proc., § 1033) was not a prerequisite to the validity of the assessment.

---

[3]Appellant argues that, based on its information and belief, "County Counsel is, in fact, the party claiming costs. However, this is not a certainty."

[4]Code of Civil Procedure section 1033 provides in pertinent part: "In superior courts, municipal courts and in justice courts the party in whose favor the judgment is ordered or the dismissal is granted, and who claims his or her costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than 10 days after notice of the entry of the judgment or the dismissal, a memorandum of the items of his or her costs and necessary disbursements in the action or proceeding . . . . A party dissatisfied with the costs claimed may, within 10 days after the service of a copy of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered or the dismissal was granted, or by the judge thereof at chambers."

[5]Penal Code section 1305.1: "If an assessment is made a condition of discharging the forfeiture under Section 1305, the clerk of the court shall within 30 days mail notice thereof to the surety or depositor at the address of its principal office and shall execute a certificate of mailing and place it in the court's file in the case. The time limited for payment shall in no event be less than 30 days after the date of mailing of such notice. . . ."

## B

■ Appellant argues that assessment of the monetary payment was not a "just" condition within the meaning of section 1305 because its purpose was to punish the surety through its bail agent (appellant). ■ The object of bail is to insure the personal attendance of the defendant in court at all times when his attendance is lawfully required, not to produce revenue for the state or county or to punish the surety in the event of a breach of the obligation. (*People* v. *Wilcox, supra,* 53 Cal.2d 651, 656-657; *People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757]; *People* v. *Pugh* (1970) 9 Cal.App.3d 241, 250 [88 Cal.Rptr. 110].) ■ But where the surety or its agent fails to insure the attendance of the defendant and bail is forfeited, under section 1305 the trial court has discretion to impose such conditions as it finds just in vacating the forfeiture. (*People* v. *United Bonding Ins. Co., supra,* 240 Cal.App.2d 124, 126.) "There are, of course, numerous authorities affirming the trial court's right to impose monetary payments as a condition for relief. This presumedly, in a proper case, is to compensate the People for the cost of returning a defendant to custody." (*People* v. *Hadley, supra,* 257 Cal.App.2d Supp. 871, 880.) Thus, if the court assesses a sum of money for that purpose as a condition of vacating bail forfeiture, the condition is "just" within the meaning of section 1305 and does not constitute punishment of the surety.

On May 23, 1985, upon defendant's failure to appear for trial without sufficient excuse, bail was ordered forfeited and a bench warrant issued for his arrest. On May 28 defendant voluntarily appeared in court with his attorney, who explained that defendant's failure to appear on May 23 was due to his mistaken belief that trial was set for May 28; defendant was remanded to custody and the bench warrant recalled. In denying appellant's motion to tax costs, the trial court gave the following explanation of its assessment of $50 as a condition of vacating the forfeiture of bail: "The county has indicated that the actual cost of sending out the bench warrants are [*sic*] far in excess of that which is charged." Appellant insists that issuance of the bench warrant does not justify the assessment because defendant voluntarily surrendered on May 28. We do not agree. When defendant failed to appear for trial on May 23, neither the judge nor the prosecutor knew the reason for his absence, nor could they have foreseen that he would appear five days later. Under these circumstances, the issuance of a bench warrant for defendant's arrest was fully justified as a means of returning him to custody. The fact that he appeared in court on May 28 without service of the warrant does not detract from its legitimate purpose. Accordingly, the assessment of $50 to cover the cost of issuing the bench warrant was a "just" condition of the vacation of forfeiture of bail; it was not made for the purpose of punishing the surety.

## C

Appellant contends the assessment is invalid for the further reason that it is discriminatory under Penal Code section 1305, which requires that the terms upon which the forfeiture of an undertaking or deposit are set aside be "equal with respect to all forms of pretrial release." Appellant's contention, as we understand it, is that the trial court discriminated against appellant in assessing the sum of $50 because the court, in granting relief from forfeiture under section 1305, does not impose assessments against defaulting defendants who furnish forms of pretrial release other than bail bonds.

■ The issue is raised for the first time on appeal. A contention based on undisputed facts which presents only a question of law may be considered on appeal even though the contention was not raised in the trial court. (*Garcia* v. *Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701, 709 [219 Cal.Rptr. 544]; *La Mancha Dev. Corp.* v. *Sheegog* (1978) 78 Cal.App.3d 9, 14 [144 Cal.Rptr. 59].) ■ The issue belatedly raised by appellant involves a mixed question of law (construction of section 1305) and fact (the trial court's practice of imposing conditions pursuant to the statute). As to the question of fact the evidentiary record is silent, appellant having adduced no evidence below in support of its present claim of discrimination based on the trial court's asserted inconsistency in imposing conditions for the vacation of forfeiture of the various forms of pretrial release. Accordingly, appellant is precluded from raising the issue on appeal. (See *Harriman* v. *Tetik* (1961) 56 Cal.2d 805, 810 [17 Cal.Rptr. 134, 366 P.2d 486]; *United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 175 [154 Cal.Rptr. 263].)

### DISPOSITION

The order is affirmed.

Thompson, J., and Johnson, J., concurred.