[No. B020150. Second Dist., Div. Seven. Apr. 14, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
V. C. VAN POOL BAIL BONDS, Defendant and Appellant.

COUNSEL

Benjamin P. Wasserman for Defendant and Appellant.

Ira Reiner, District Attorney, Donand J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**JOHNSON, J.**—Appellant, V. C. Van Pool Bail Bonds, appeals from an order setting aside a forfeiture of bail upon payment of $196 costs. Van Pool contends the cost assessment was arbitrary and capricious and therefore not a "just" condition within the meaning of Penal Code section 1305, subdivision (a) ([¶] 2). Van Pool also argues the cost assessment violated the equal protection clause of the California Constitution, article I, section 7. We affirm the order.

### FACTS AND PROCEEDINGS BELOW

Van Pool furnished a bail bond in the sum of $1,000 to secure the appearance of defendant Messier on a felony charge. Bail was ordered forfeited when defendant failed to appear for her arraignment. Within the 180 days provided by statute, Van Pool surrendered the defendant to the court and moved to have the bail forfeiture set aside.[1] The record does not show notice of the hearing was given to defendant or the person who put up collateral for the bail bond. The only parties represented at the hearing were Van Pool and the district attorney.

At the hearing the trial judge advised the parties her intention was to grant the motion to set aside the bail forfeiture on condition Van Pool pay the cost of the defendant's failure to appear and the cost of hearing the motion: a total of $196. The judge explained, "These are the costs that were sent to me by the auditor controller of the audit division . . . ." The document containing these costs was not offered into evidence and Van Pool offered no contrary evidence on the amount of costs. Van Pool argued this cost assessment was unfair because under state law a bail bondsman is only allowed to charge 10 percent of the amount of the bond as a fee. Messier's bond was $1,000 so Van Pool could only charge a $100 fee; the

---

[1] Penal Code section 1305, subdivision (a) ([¶] 2) provides in relevant part: "If at any time within 180 days . . . the bail should surrender the defendant to the court or to custody, the court shall under terms as may be just direct the forfeiture of the undertaking or the deposit to be set aside and the bail or the money deposited instead of bail exonerated immediately."

costs the court proposed to assess were almost double what Van Pool made on the transaction. Van Pool conceded $1,000 in collateral had been posted to secure the bond. The court rejected Van Pool's argument.

The court also rejected the argument section 1305 is unconstitutional as applied because only bail bondsmen are assessed costs as a condition for setting aside a forfeiture; individuals who post their own bail are not assessed costs.

At the conclusion of the hearing the court granted the motion to set aside the bail forfeiture on condition Van Pool pay $196 in costs.

## DISCUSSION

There are numerous authorities affirming the trial court's power to impose payment of costs as a condition for setting aside a bail forfeiture. (See, e.g., *People v. Sue Sarkis Bail Bonds* (1986) 182 Cal.App.3d 650, 655 [227 Cal.Rptr. 506]; *People v. United Bonding Ins. Co.* (1966) 240 Cal.App.2d 124, 126 [49 Cal.Rptr. 360].)

■ Under the facts presented in this case, the trial court did not abuse its discretion in conditioning relief on payment of costs to the public proximately caused by the defendant's failure to appear in court. (*People v. Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d at p. 655; *People v. Hadley* (1967) 257 Cal.App.2d Supp. 871, 880 [64 Cal.Rptr. 777].) Far higher cost assessments than the one here have been imposed. (See *People v. United Bonding Co., supra,* 240 Cal.App.2d at p. 124 [costs of $2,000 imposed]; *Leach v. Dinsmore* (1937) 22 Cal.App.2d Supp. 735, 738 [65 P.2d 1364] [costs of $500 imposed].)

Van Pool argues the court assessed costs almost double what he was allowed to charge as his fee for posting bond. Contrary to Van Pool's contention, it is not true state law limits his fee to 10 percent of the bond, $100 in this case. Insurance department regulations specifically allow a bail bondsman to charge "actual reasonable and necessary expenses incurred and caused by a breach by the arrestee of any of the terms of the written agreement under which . . . the bail bond was written." (Cal. Code Regs., tit. 10, § 2081, subd. (d).) Not only may these costs be passed on to the arrestee, they may be recovered out of the collateral held by the bail bondsman. (Cal. Code Regs., tit. 10, § 2088.2.) Therefore, Van Pool has failed to show any injustice in the trial court's assessment of costs even if there were merit to the dubious contention bondsmen are to be guaranteed they don't

lose money even when their defendants fail to appear and the bond becomes forfeit.[2]

As to Van Pool's equal protection claim, the record is devoid of evidence to support the contention the trial courts impose costs on bail bondsmen but not on individuals who post their own bail. (See *People* v. *Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d at p. 656.) Historically, at least, this has not been the case. (See *Leach* v. *Dinsmore, supra,* 22 Cal.App.2d Supp. at p. 738.) Accordingly, we need not—and do not—reach this issue.

## DISPOSITION

The order is affirmed.

Lillie, P. J., and Thompson, J., concurred.

---

[2] Whether Van Pool can pass on the costs to the defendant or the person who put up the collateral for bail in this case raises questions we are not called upon to answer now.

It may be the defendant, or the person who pledged the collateral, as the party who must ultimately pay the costs, has a due process right to notice of the hearing and to present evidence and argument on the question of what terms for setting aside the forfeiture would be just. (Cf. *Mennonite Board of Missions* v. *Adams* (1983) 462 U.S. 791 [77 L.Ed.2d 180, 103 S.Ct. 2706] [mortgagee entitled to notice of tax sale of mortgaged property].) Section 1305 only provides for notice to the prosecutor. Van Pool has not raised the due process right of Ms. Messier or the guarantor of her bail bond and probably lacks standing to do so. (See *In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]; but see *Diaz* v. *Quitoriano* (1969) 268 Cal.App.2d 807 [74 Cal.Rptr. 358]; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].)

It may also be that inasmuch as Van Pool holds the collateral for the bail bond in a fiduciary capacity (Cal. Code Regs., tit. 10, § 2088), Van Pool breached that fiduciary duty owed to the owner of the collateral by not giving him or her notice of the hearing and an opportunity to present evidence and argument on what terms for setting aside the forfeiture would be just.