[No. A056074. First Dist., Div. Three. Sept. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Cameron L. Reeves, County Counsel, and J. Ross Walker, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

## MERRILL, J.—

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Ranger Insurance Company (Ranger) appeals from an order deny ing a motion to vacate summary judgment in a bail forfeiture proceeding.

On September 17, 1990, Ranger, the surety for Rod Buntjer Bail Bonds (Buntjer), posted a bail bond in the amount of $20,000 for the release of Patricia Downs in the underlying criminal proceedings. When Downs failed to appear at her sentencing hearing on January 14, 1991, the trial court ordered bail forfeited. On May 13, 1991, Ranger filed a motion to vacate the forfeiture and exonerate the bail as Downs had been returned to custody and had been in Lake County jail since March 14, 1991.

On July 1, 1991, the trial court ordered the previous order forfeiting bail to be vacated and bail exonerated upon payment of $1,745.25. The sum was said to represent the "reasonable costs" of housing Downs for the 25-day period during which she was held in Lake County jail after her return to custody on March 14, 1991, and before her sentencing on April 8, 1991. The trial court reasoned: "It is likely [Downs] would have been sentenced to prison on 1/14/91 had she appeared on that date. By reason of her failure to appear on that date, sentencing to prison was delayed by a period of 84 days from 1/14/91 to 4/8/91 during 25 of which, those being dates of 3/14/91 to 4/8/91, she was held in custody in Lake County Jail." The order contained no provision for a date before which the payment had to be made. Copies of this order were mailed to Ranger and Buntjer on July 8, 1991.

On July 24, 1991, the trial court ordered summary judgment in favor of the People and against Ranger and Buntjer in the amount of $20,000, the full amount of the bond. On September 25, 1991, Ranger and Buntjer moved to set aside the summary judgment, challenging the court's jurisdiction in entering the summary judgment without giving them valid notice of the conditional exoneration as well as the propriety of the July 1, 1991, order conditioning exoneration of bail on the payment of the county's housing costs for Downs. ▉▉▉ The trial court vacated summary judgment as to Buntjer but denied the motion as to Ranger.[1] In its order, the trial court conceded that generally reimbursement of housing costs to the county prior

---

[1]We find no merit in the People's contention that Ranger may not now appeal from the order denying its motion to set aside the summary judgment as it failed to appeal from the

to a defendant's sentencing should not be a condition for bail exoneration as the county is obligated to house the defendant at that time. However, the court found that Down's failure to appear for *sentencing* caused an "attenuation of [her] pre-disposition detention" and thus resulted in added costs to the county.

DISCUSSION

*Penal Code Section 1305.2 Notice Requirements*

■ Penal Code[2] sections 1305 through 1309 govern the forfeiture of bail bonds. As the law disfavors forfeitures, including the forfeiture of bail, these statutory provisions must be strictly construed in favor of the surety to avoid the harsh results of forfeiture. (*County of Los Angeles* v. *Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

The People rely on section 1306, subdivision (a), which provides as follows: "When any bond is forfeited and the period of time specified in Section 1305 [180 days from the entry of forfeiture] has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. The judgment shall be the amount of the bond plus costs, and notwithstanding any other law, no penalty assessments shall be levied or added to the judgment."

The People contend that the trial court entered summary judgment in the instant case on July 24, 1991, as 180 days had elapsed since the forfeiture on January 14, 1991, and "the forfeiture had not been set aside." In essence, summary judgment was being entered for the full amount of the bond, notwithstanding the defendant's return to custody, because of the surety's failure to exonerate the bond by fulfilling the conditions of the July 1 order.

The position of the People is flawed for several reasons. First, the July 1 exoneration order was a nullity for its failure to adhere to the statutory

---

July 1 order conditioning the vacation of forfeiture and exoneration of bail upon the payment of costs. The defects of the exoneration order in the instant case, specifically the failure to provide the surety with notice of a time limit within which the payment of costs was due, deprived the order of any finality. (Cf. *People* v. *Sue Sarkis Bail Bonds* (1986) 182 Cal.App.3d 650, 653 [227 Cal.Rptr. 506] [holding an order conditioning vacation of forfeiture upon payment of costs is final judgment where with respect to condition it is self-executing and requires no further judicial act].) Here, the order was entirely open-ended with respect to when the condition had to be met. As such it was an interlocutory, nonappealable order. (Code Civ. Proc., § 904.1, subd. (a); see *Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 451 [301 P.2d 264]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 67, p. 91.)

[2]All further statutory references are to the Penal Code unless otherwise indicated.

requirements of notice. Additionally, we find the July 1 order, conditioning exoneration upon payment of the county's housing and care costs for Downs, to be an act in excess of the court's jurisdiction. Thus, the ensuing summary judgment entered in favor of the People for Ranger's failure to exonerate the bond is also an act outside the court's jurisdiction. (See *People v. Resolute Ins. Co.* (1975) 50 Cal.App.3d 433, 437 [123 Cal.Rptr. 246].)

■ Turning first to the July 1 order, we address the statutory notice requirements. Section 1305.2 clearly states: "If an assessment is made a condition of the order to set aside the forfeiture of an undertaking, deposit, or bail under Section 1305, the clerk of the court shall within 30 days mail notice thereof to the surety or depositor at the address of its principal office and shall execute a certificate of mailing and place it in the court's file in the case. *The time limit for payment shall in no event be less than 30 days after the date of mailing of the notice.* [¶] If the assessment has not been paid by the *date specified,* the court shall determine if a certificate of mailing has been executed, and if none has, the court shall cause a notice to be mailed to the surety or depositor, and the surety or depositor shall be allowed an additional 30 days to pay the assessment." (Italics added.) The July 1 exoneration order mailed to Ranger in this case provided no time limit for payment.

Our appellate courts have determined that the failure to provide notice in various aspects of the bonding forfeiture procedure is a jurisdictional defect. In *People v. Resolute Ins. Co., supra,* 50 Cal.App.3d at pages 434 to 436, the Court of Appeal held the county clerk's failure to notify the bondsman of the transfer of bail from dismissed criminal charges to new criminal charges, in contravention of notice requirements in section 1303, exonerated the sureties and left the court without jurisdiction to forfeit bail or enter summary judgment. The *Resolute* court stated: "The notice [required by section 1303] is an essential of fairness to the bondsman." (50 Cal.App.3d at p. 436.)

The Court of Appeal in *County of Madera v. Ranger Ins. Co.* (1991) 230 Cal.App.3d 271 at pages 275, 277-279 [281 Cal.Rptr. 230], held the failure to provide the surety notice of the reinstatement of the bail on a previously forfeited bond, as required by section 1305, subdivision (a), was a jurisdictional defect. Due to the trial court's failure to follow statutory notice requirements, it lacked jurisdiction to forfeit the bail or enter summary judgment against the surety. (230 Cal.App.3d at p. 279.)

In the instant case, the trial court's failure to provide notice to Ranger of a time limit within which the assessment had to be paid nullified the July 1 order. " '[W]here a statute requires a court to exercise its jurisdiction in a

particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' [Citations.]" (*People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79-80 [106 Cal.Rptr. 220]; see also *County of Madera* v. *Ranger Ins. Co., supra,* 230 Cal.App.3d at p. 279.) The failure to provide a surety with the requisite notice is a jurisdictional defect. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 904 [98 Cal.Rptr. 57, 489 P.2d 1385].)

Section 1305.2 clearly contemplates that conditional orders exonerating bail set forth a time limit for the payment of assessments and that sureties be provided notice thereof. The provision requiring a minimum of 30 days for payment of the assessment as well as the reference to the "date specified" and allowance for a 30-day extension in the absence of notice would be rendered meaningless if a trial court were not obliged to provide notice of a date upon which the assessment payment was due. We must accord section 1305.2 a reasonable, commonsense construction in line with its apparent purpose, in order to advance wise legislative policy and avoid absurdity. (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) Here, it is clear that among the purposes of section 1305.2 is that sureties be notified of the date upon which the assessment must be paid. By its failure to adhere to section 1305.2's notice requirements, the trial court thereafter lacked jurisdiction to enter summary judgment for Ranger's failure to set aside the forfeiture and exonerate the bond.

Additionally, the trial court's entry of summary judgment on July 24, 1991, contravened the requirement of section 1305.2 that a surety be allowed a minimum of 30 days to pay the assessment. Here the clerk's declaration establishes mailing of the notice on July 8, 1991. Thus, at the earliest, Ranger should have been allowed until August 7, 1991, to pay the assessment. Instead, by entering summary judgment on July 24, 1991, the trial court failed to allow Ranger a minimum of 30 days to pay the assessment.

*"Housing and Care" Assessment as Exoneration Condition*

■ In addition to the invalidity of the July 1 order on procedural grounds, we conclude the trial court acted in excess of its jurisdiction with respect to the substance of the order. Section 1306, subdivision (b), provides: "If a court grants relief from bail forfeiture, it *shall* impose a monetary payment as a condition of relief to compensate the people for the *costs of returning a defendant to custody pursuant to Section 1305,* except for cases where the court determines that in the best interest of justice no costs should be imposed. *The amount imposed shall reflect the actual costs of returning the*

*defendant to custody.*" (Italics added.) This unambiguous provision leaves no doubt that, in conditional exoneration orders, trial courts are limited to the actual cost of returning the defendant to custody. Clearly, by imposing an assessment representing the cost of housing and caring for Downs *after* her return to custody, the trial court went beyond its jurisdiction under the statute.

"The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. [Citation.]" (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 656-657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]; *People* v. *Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d 650, 655.) An assessment for the housing and care costs of a defendant who has been returned to custody does not comport with the purpose of bail forfeiture.

In *People* v. *Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d at page 655, the Court of Appeal considered whether the imposition of an assessment of $50 for a portion of the county's costs in sending out bench warrants was a "just" condition of vacating the bail forfeiture within the meaning of section 1305. Although ultimately the criminal defendant voluntarily appeared in court, the court reasoned that the county's issuance of a bench warrant was fully justified as the authorities were unaware of the circumstances of his absence. It was plain that the costs involved in issuing the bench warrants were directly related to the purpose of returning the defendant to custody. The fact that the bench warrants were never served did not invalidate the legitimacy of the assessment.

However, in *People* v. *V. C. Van Pool Bail Bonds* (1988) 200 Cal.App.3d 303, 304 [246 Cal.Rptr. 79], the Court of Appeal affirmed an order conditioning exoneration of bail upon the payment of costs where the amount represented the "cost of the defendant's failure to appear [at arraignment] and the cost of hearing the motion [to set aside the bail forfeiture]." The Court of Appeal found no abuse of discretion in the order as the costs had been "proximately caused" by the defendant's failure to appear in court. (*Id.,* at p. 305, citing *People* v. *Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d at p. 655, and *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871, 880 [64 Cal.Rptr. 777], and *People* v. *United Bonding Ins. Co.* (1966) 240 Cal.App.2d 124, 126 [49 Cal.Rptr. 360].)

We are not persuaded that the *V. C. Van Pool* court's proximate causation analysis should be broadly applied. As we have discussed, the *Sue Sarkis*

holding, relied upon in *V. C. Van Pool*, was based on whether the assessment was related to costs in returning the defendant to custody. The court did not consider whether the county's costs for issuance of the bench warrant had been "proximately caused" by the defendant's nonappearance. (*People v. Sue Sarkis Bail Bonds, supra,* 182 Cal.App.3d at p. 655.) Moreover, in *United Bonding,* also cited in *V. C. Van Pool,* the Court of Appeal made no analysis whatsoever of the relationship between the $2,000 assessment and the defendant's failure to appear. In fact, the *United Bonding* court is silent as to what costs the assessment represented. It merely held that the costs were "just" and that no abuse of discretion could be found. (*People v. United Bonding Ins. Co., supra,* 240 Cal.App.2d at pp. 124-126.) Finally, in *People v. Hadley, supra,* 257 Cal.App.2d Supp. at pages 879-880, cited by the *V. C. Van Pool* court, the superior court found no abuse of discretion in the municipal court's failure to impose a condition upon the exoneration of bail. The court comments that conditional relief may be imposed to compensate the People for the cost of returning the defendant to custody. *Hadley* does not support *V. C. Van Pool*'s holding that costs incurred by the county for proceedings "proximately caused" by a defendant's failure to appear are properly imposed assessments under sections 1305 and 1306.

In our view the trial court here acted in excess of its jurisdiction by imposing an assessment for the housing and care costs as a condition of bail exoneration. The cost to the county for the housing and care of Downs after her return to custody and prior to sentencing are not costs related to her return to custody.

Furthermore, the summary judgment for the amount of the bail bond for Ranger's failure to pay the unauthorized costs was clearly penal. Forfeiture of the bail in this instance would serve no purpose but to punish Ranger. Downs was already in custody. The county was not entitled to the full amount of the bond as well as having Downs in custody. (See *County of Orange v. Allied Fidelity Ins. Co.* (1984) 161 Cal.App.3d 510, 513 [207 Cal.Rptr. 506] [reversing order denying motions to set aside summary judgment on forfeited bond for ministerial and clerical errors; forfeiture inequitable result where defendant in custody]; see also *People v. Wilcox, supra,* 53 Cal.2d at pp. 656-657.) The housing and care costs were not a "just" condition of the bail exoneration, within the meaning of section 1305.

The order conditioning the exoneration of bail upon payment of housing costs being a nullity, the trial court acted in excess of its jurisdiction by ordering summary judgment against Ranger.

The order denying Ranger's motion to set aside summary judgment is reversed. The summary judgment entered against Ranger is reversed, and the

trial court shall vacate the forfeiture and exonerate the bail. The People shall bear Ranger's costs on appeal.

White, P. J., and Werdegar, J., concurred.