Filed 10/23/18

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

### APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>BAIL HOTLINE BAIL BONDS, INC.,<br><br>          Defendant and Respondent. | Appellate Division No.: CA271359<br>Trial Court Case No.:   CD269110<br>Trial Court Location:   Central Division<br><br>**DECISION/STATEMENT OF REASONS<br>(CCP § 77(d)) BY THE COURT** |

APPEAL from the February 27, 2017 Order denying the motion to recover extradition costs under Penal Code section 1306, subdivision (b) entered by the Superior Court of San Diego County, Leo Valentine, Jr., Judge. Following argument on October 18, 2018, this matter was taken under submission.

AFFIRMED.

The defendant in this case was arrested by local authorities in Las Vegas, and the People unsuccessfully attempted to recover $5,465.78 in alleged extradition costs incurred by the San Diego Police Department under Penal Code section 1306, subdivision (b). The trial court properly denied the People's motion for extradition costs related to returning defendant to San Diego County.

Penal Code section 1306, subdivision (b) is unambiguous and is expressly limited to the court's imposition of "a monetary payment as a condition of relief [from bail forfeiture] to compensate the people for the costs of returning defendant to *custody pursuant to Section 1305*, except for cases where the court determines that in the best interest of justice no costs should be imposed." (Italics added.) As explained in *People v. Ranger Ins. Co.* (1992) 9 Cal.App.4th 1302:

> "…*The amount imposed [under section 1306(b)] shall reflect the actual costs of returning the defendant to custody.*" (Emphasis added.) This <u>unambiguous provision</u> leaves no doubt that, in conditional exoneration orders, trial courts are limited to the actual cost of returning the defendant to custody. Clearly, by imposing an assessment representing the cost of housing and caring for Downs *after* her return to custody, the trial court went beyond its jurisdiction under the statute.
>
> "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. [Citation.]" [Citations.]

(*Id.* at pp. 1307-1308; original italics; underline added for emphasis.)

Section 1305 uses the term "custody" to include custody within the County *and* "outside the county," as was the case here. (Pen. Code, §1305, subdivision (c)(3) ["If, outside the county where the case is located, the defendant surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail."].) Arrest "in the underlying case" includes a hold placed on a defendant in another jurisdiction based on an outstanding warrant even if the defendant is otherwise arrested on a separate charge in the other jurisdiction. (See *People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 152-153.)

A return to "custody" is clearly not synonymous with "extradition" as both terms are used separately in subdivision (f) of section 1305 and "custody" expressly relates to "custody beyond the jurisdiction" -- "In all cases where a defendant is in *custody* beyond the jurisdiction of the court that ordered the bail forfeited, and the prosecuting agency elects not to seek *extradition* after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just…." (Italics added.) The People's suggested interpretation that extradition costs are to be included as "actual costs of returning defendant to custody" is contrary to

the express statutory language, and for the Appellate Division "[t]o conclude otherwise would violate the statutory interpretation principle that every word in a statute must be given operative effect." (*Sevidal v. Target Corp.* (2010) 189 Cal.App.4th 905, 924.)

Respondent correctly argues that extradition costs may only be recovered pursuant to Penal Code section 1557, which unequivocally governs reimbursement for extradition costs. The statutory requirements of the bail statutes "are considered inviolable and do not depend on whether or not a party has suffered prejudice. [Citations.]" (*People v. International Fidelity Ins. Co.* (2018) 20 Cal.App.5th 345, 369; internal quotations omitted.)

In light of the foregoing, the Appellate Division need not reach the issue of whether or not officer's salary and benefits are recoverable or the "standing" argument raised by the Respondent.[1] The Appellate Division notes that the underlying motion was filed by the District Attorney on behalf of the People of the State of California, and Section 1306, subdivision (b) requires the court to "impose a monetary payment as a condition of relief" from bail forfeiture "to compensate the people."  Although the District Attorney would have standing on behalf of the People[2] to bring a motion for recoverable costs such as costs associated with the issuance of a bench warrant (see *People v. Sue Sarkis Bail Bonds* (1986) 182 Cal.App.3d 650, 655), such costs were not requested here.  All of the costs sought by the People were related to extradition.

The trial court's Order denying the People's motion is affirmed.

Unanimously affirmed.

CHARLES R. GILL
Presiding Judge, Appellate Division

GALE E. KANESHIRO
Judge, Appellate Division

HOWARD H. SHORE
Judge, Appellate Division

---

[1] The Bail Hotline Bail Bonds argues that the District Attorney and the San Diego Police Department do not have standing because Penal Code section 1306, subdivision (b) only allows reimbursement to "the people."

[2] See Gov. Code, § 26521; *People v. Hadley* (1967) 257 Cal. App. 2d Supp. 871, 880 ["It seems, therefore, the practical and rational concept that the District Attorney should be charged with all matters relating to bail up to the point where a civil suit is to be instituted."]; *People v. De Pelanconi* (1883) 63 Cal. 409, 410 [an action on a forfeited bail bond may be brought in the name either of the People or the County, and the District Attorney is authorized to bring the action].)

Counsel for Appellant:            Richard E. Madruga, DDA
                                  330 W. Broadway, Suite 800
                                  San Diego, CA 92101

Counsel for Respondent:           Matthew Singer
                                  444 N. Arrowhead Ave. Suite 10
                                  San Bernardino, CA 92401